(No. 82-CC-0017–)

*In re* APPLICATION OF DELORES E. MIELKE.

*Opinion filed May 5, 1982.*

DELORES E. MIELKE, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

Applicant seeks an award as the widow and statutory beneficiary of Kairon H. Mielke, certified paramedic, pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*

The Court has reviewed Claimant's application for benefits, together with the written statement of decedent's supervisor, and has also reviewed the police report of the Riverdale Police Department, the medical examiner's certificate of death, the letter from the chief of police of the Riverdale Police Department and the report of the Attorney General. From its consideration of these documents the Court finds:

1. A claim was filed herein by Delores E. Mielke,

widow of Kairon H. Mielke, certified paramedic, who died May 27, 1981, from injuries sustained while responding to an emergency call by the Riverdale Fire Department.

2. Delores E. Mielke, as widow, is the sole beneficiary and therefore would be entitled to any payment pursuant to section 3(a) of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 283(a)), which provides that the surviving spouse is entitled to the entire award where there is no designation of beneficiary on file.

3. The statement of John W. Daley, decedent's supervisor, and the Riverdale Police report state that on May 26, 1981, decedent was acting in his capacity as certified paramedic and had responded to a Riverdale Fire Department emergency call. Decedent was attempting to reach an injured person at the bottom of a grain silo in an abandoned warehouse in order to administer emergency medical aid. The rope lowering decedent into the silo broke and he fell, sustaining injuries which caused his death on May 27, 1981.

4. The Riverdale Police and Fire Departments do not employ certified paramedics but have an agreement with Daley's Ambulance Service that Daley's will employ certified paramedics and will respond to emergency calls from the Riverdale Police and Fire Departments. Kairon H. Mielke was so employed by Daley's Ambulance Service and was responding to such an emergency call from the Riverdale Fire Department at the time of the accident which led to his death. Section 2(i) of the Act sets forth the definition of the term "paramedic" as it is used in the Act. It provides as follows:

"(i) 'paramedic' means Mobil Intensive Care Personnel certified by the Illinois Department of Public Health as qualified to render the services

enumerated in Section 1.4 of 'An Act requiring hospitals to render hospital emergency service in case of injury or acute medical conditions and to implement emergency hospital, medical and surgical services on a community or areawide basis', approved August 28, 1963, as amended, *who is a member of an organized body under the jurisdiction of a city, village, incorporated town or county, that provides emergency medical treatment to persons of a defined geographical area.*" (Emphasis added.)

The issue in this case is whether Applicant's decedent qualifies under the language of the Act emphasized above. There is no question that he met the other qualifications of the definition. In the case at bar, Applicant's decedent was employed by a private ambulance service. However, by agreement between the decedent's employer and the village of Riverdale, said ambulance service was required to provide paramedical services to the village in accordance with section 6 of the Pre-Hospital Emergency Medical Services Act. (Ill. Rev. Stat. 1979, ch. 111½, par. 4106.) The letter from the chief of police of the Riverdale Police Department stated that in all cases of medical emergencies, said ambulance service is dispatched along with the village's other services and that departmental policy is to notify the ambulance service immediately after the police are notified. We find that this arrangement does qualify under the Act. The Attorney General in its report filed in this case also is of the opinion that the facts of the case at bar are in compliance with the Act.

5. The medical examiner's certificate of death lists immediate cause of death as multiple injuries due to a fall from height.

6. The facts as herein reported are in compliance with the requirements of the Law Enforcement Officers and Firemen Compensation Act. (Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*) Claimant, as the widow of Kairon H. Mielke, certified paramedic, is entitled to an award of $20,000.00 as is provided by law.

By reason of the foregoing, it is hereby ordered that an award of $20,000.00 be, and is hereby made to Delores E. Mielke, the widow and statutory beneficiary of Kairon H. Mielke, certified paramedic, as is required by the provisions of the Law Enforcement Officers and Firemen Compensation Act. Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*