(No. 96-CC-2553-)

*In re* APPLICATION OF BRIAN JAY HOLT

*Opinion filed July 3, 1996.*

FELLHEIMER, TRAVERS & ENGELMAN (GARTH S. SEIPLE, of counsel), for Claimant.

JIM RYAN, Attorney General (JULIE A. SMITH, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of the death of Betty Jean Holt on July 21, 1995. Mrs. Holt was a certified Emergency Medical Technician-Intermediate (EMT-A). The decedent's surviving spouse, Brian Jay Holt, the Claimant herein, seeks compensation pursuant to the provisions of the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, Firemen and State Employees Compensation Act (the Act). 820 ILCS 315/1, *et seq.*

The decedent, Betty Jean Holt, was an EMT-A which is defined as a person who has successfully completed a course of instruction in basic life support services. (210 ILCS 50/4.12.) She had also been provisionally qualified as an EMT-I which is defined as a person who has completed a course of instruction in specific advanced life support-mobile intensive care services. (210 ILCS 50/4.15.) EMT Holt was providing emergency medical services through the Duffy Ambulance Service which had an agreement with the Village of Odell to provide emergency medical services to that village and the surrounding communities.

At the time of her death, EMT Holt was responding to an emergency call to assist the victim of an apparent heart attack. EMT Holt was the right front passenger in an Odell Fire Rescue Vehicle that was involved in a two-vehicle collision. The collision occurred as a 1994 Ford

Explorer driven by Timothy L. Maubach[1] was approaching the intersection of 2200N and 2400E from an eastbound direction and the Odell 1990 Ford F-350 Fire Rescue Vehicle, driven by Carl E. Snyder, along with front seat occupants, Richard Ribordy and Betty J. Holt, was attempting a left-hand turn from 2400E onto 2200N (southbound to eastbound). It was during this general time span that the Maubach vehicle collided with the Snyder vehicle. The force of the collision caused the Snyder vehicle to rotate counterclockwise and break up into two pieces as it tumbled to its final rest. As a result of the collision, EMT Betty J. Holt suffered multiple blunt injuries of which she died that same day.

Based on a review of the decedent's supervisor's statement and the McLean County Traffic Collision Investigation Team Report, the Court finds that the decedent was killed in the line of duty as contemplated by the Act, and more specifically, lost her life as a result of injuries received in the active performance of her duties from violence or other accidental cause. (820 ILCS 315/2(e).) The death certificate filed with the case indicates that death was the result of multiple blunt force injuries.

Section 315/2(i) of the Act sets forth the definition of the term "paramedic" as follows:

"(i) paramedic means an Emergency Medical Technician-Paramedic certified by the Illinois Department of Public Health under the Emergency Medical Services (EMS) Act, *and all other emergency medical personnel certified by the Illinois Department of Public Health* who are members of an organized body or not-for-profit corporation under the jurisdiction of a city, village, incorporated town, fire protection district or county, that provides emergency medical treatment to persons of a defined geographical area." (Emphasis added.) 820 ILCS 315/2(1).

The facts of this case are as closely analogous to the case of *In re Application of Delores E. Mielke* (1982), 35

---

[1] Timothy Maubach was the son of the heart attack victim and was attempting to reach his mother at the time of the collision. Mr. Timothy Maubach also died as a result of the injuries he received from the collision.

Ill. Ct. Cl. 410. In *Mielke*, the decedent was a certified paramedic who died of injuries he received while responding to an emergency call. The decedent in *Mielke* was employed by an ambulance service that had a contract with a local fire department to provide paramedic services. The Court found that the contractual agreement between *Mielke*'s employer and the village met the requirements of the Pre-Hospital Emergency Medical Services Act,[2] and therefore, qualified *Mielke*'s surviving spouse to receive compensation under the Act. *Id.*, at 412.

In the instant cause of action, the decedent provided emergency medical services through an ambulance service that had an agreement with the local government entity. This agreement met the requirements of the Emergency Medical Systems Services Act (210 ILCS 50/1 *et seq.*) as attested to by the affidavit of Steve Barron, the emergency services system coordinator. Additionally, the requirements of the Act are met since the decedent meets the definition of "paramedic" as defined by the Act itself. Based on the Toxicology Report and the Collision Investigation Report, it is clear that EMT Holt's death was not the result of her willful misconduct or intoxication, but was in fact the result of a tragic set of circumstances culminating in the accidental collision of the two vehicles. Therefore, EMT Holt's surviving spouse is entitled to receive an award under the Act.

The decedent apparently had not completed a Designation of Beneficiary form. Therefore, pursuant to the Act, the surviving spouse would receive the full award. The Claimant has met all conditions precedent for an award under the Act.

For the foregoing reasons, it is the Order of the Court that Claimant, Brian J. Holt, be awarded $50,000

---

[2] This Act is now known as the Emergency Medical Services (EMS) Systems Act. 210 ILCS 50/1 *et seq.*

pursuant to the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, Firemen and State Employees' Compensation Act for the death of EMT Betty Jean Holt who was killed in the line of duty.